*881 OPINION.
Maequette:
Two questions are presented by the record in this proceeding, namely, were the additional salaries for the year 1919 authorized by the petitioner’s board of directors on January 16, 1920, reasonable in amount and, if so, are they proper deductions in computing the petitioner’s net income for 1919?
We are of the opinion that the additional salaries in question are not properly deductible in the year 1919 even if they are reasonable compensation for the services rendered by the persons to whom they were paid, and it is therefore not necessary to decide whether or not they are reasonable. The record fairly established that when the directors formally fixed the compensation of the petitioner’s officers for the first six months of 1919 and the regular salaries for the last six months in 1919, they informally agreed or understood among themselves that if the efficiency of operations and the consequent profits were maintained for the last six months of the year at the same high level that had obtained during the first six months, extra compensation would be paid for that period. However, this appears to have been a mere understanding or agreement among the directors which had no binding effect and it did not create an obligation that could have been enforced against the petitioner. Furthermore, even if the informal agreement or understanding among the board of directors may be construed as binding on the corporation, there is no evidence that there was any agreement as to the amount of extra *882 compensation that would be paid. In the Appeal of Van De Kamps Holland Dutch Bakers, 2 B. T. A. 1247, in considering when additional compensation authorized and paid under circumstances similar to that in the instant case was deductible, we said:
It remains to determine in what year the deduction is to be allowed. Was the obligation incurred in the year when the services were rendered or was it incurred when the additional compensation was voted. Until it was voted there was nothing-more than a moral obligation; there was no legal obligation which could be enforced. We must accordingly hold that the $7,000 of additional compensation, voted in 1920 for services rendered in 1919, was an obligation incurred in 1920 and is deductible in that year and not in 1919.
In the Appeal of Arter Paint & Glass Co., 2 B. T. A. 1256, the facts were that in December, 1919, at an informal conference, the stockholders of the corporation agreed that the salaries paid in the past to two of its officers were insufficient and should be increased for 1919, but no amount was agreed upon and no formal action taken by the stockholders until 1920, when additional salaries for the two officers were authorized for the year 1919. This Board approved the determination of the Commissioner that the additional salaries were not proper deductions from the taxpayer’s income for 1919. The two decisions cited were followed by the Board in the Appeal of Randall Brothers, Inc., 4 B. T. A. 291.
Upon the authority of the decisions in the Appeals of Van De Kamps Holland Dutch Bakers, Arter Paint & Glass Co., and Randall Brothers, Inc., supra, we affirm the determination of the respondent in disallowing the additional salaries in question as a deduction from petitioner’s gross income for 1919.

Judgment will be entered for the respondent.

Considered by Phillips, Millikeh and VaN FossaN.